McCARTHY, JOHNSON & MILLER
      LAW CORPORATION
LORI A. NORD, ESQ., #87993
595 Market Street, Suite 2200
San Francisco, CA  94105
Telephone:  (415) 882-2992

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 355 HEALTH AND WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE U.A. LOCAL NOS. 343 AND 355 DEFINED CONTRIBUTION PLAN; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA/NORTHERN NEVADA UTILITY JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 355 LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND; AND U.A. LOCAL NO. 355,<br><br>           Plaintiffs,<br><br>   v.<br><br>IMAGE LANDSCAPE, INC., a California corporation,<br><br>           Defendant. | No. CV 08-2122 SC<br><br>**COMPLAINT FOR MONEY BASED ON AUDIT** |

### NATURE OF THE ACTION

1.  This action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1001, et seq.], and more particularly under Sections 1132 and 1145. This action also arises under Section 301 of the Labor Management Relations Act ("LMRA") [29 U.S.C. § 185]. Plaintiffs allege that

defendant has unlawfully failed and refused to make required payments to joint labor-management trust funds and employee benefit plans in violation of a collective bargaining agreement and certain trust agreements.

**JURISDICTION AND VENUE**

2.   Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §§ 1331 and 1337.  Pursuant to 29 U.S.C. § 1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.  This is an action authorized and instituted pursuant to Sections 502 and 515 of ERISA [29 U.S.C. §§ 1132 and 1145] and Section 301 of the LMRA [29 U.S.C. § 185].

3.   Venue is proper in this District pursuant to Section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)] and Section 301(a) of the LMRA [29 U.S.C. § 185(a)].

**PARTIES**

4.   At all times material herein, each of the above-named plaintiffs, with the exception of the Board of Trustees of the U.A. Local No. 355 Labor-Management Cooperation Committee Trust Fund, (hereinafter referred to as "Trust Funds") was and is the Plan Administrator of employee benefit plans within the meaning of Section 3(3) of the Employee Retirement Income Security Act as amended (hereinafter "ERISA"), 29 U.S.C. Section 1002(3) and was and is, a fiduciary within the meaning of Section 3(2)(A)(iii) of ERISA, 29 U.S.C. § 1002(21)(A)(iii), and the named fiduciary within the meaning of Section 402(a)(1) of ERISA, 29 U.S.C. § 1004(a)(1).  Plaintiff, Board of Trustees of the U.A. Local No. 355 Labor-Management Cooperation Committee Trust Fund, is a joint labor-management trust fund organized pursuant to the

provisions of Section 302(c)(9) of the Labor Management Relations Act [29 U.S.C. § 186(c)(9)] and Section 6(b) of the Labor Management Cooperation Act of 1978 [29 U.S.C. § 175a]. Each plaintiff has a fiduciary duty to the employees of the defendant employer to collect funds, to invest and administer said funds, and to protect said funds from claims. Plaintiffs' principal place of business is in San Francisco, California.

5. At all times material herein, Image Landscape, Inc. (hereinafter referred to as "Employer") has been an employer within the meaning of the National Labor Relations Act, as amended ("NLRA") [29 U.S.C. § 151, et seq.], and more particularly under Section 152(2), and within the meaning of ERISA, 29 U.S.C. § 1002(5). At all times material herein, Employer has been engaged in the construction industry in California and, as such, has been engaged in commerce or in an industry affecting commerce within the meaning of the NLRA [29 U.S.C. § 152(6) and (7)] and within the meaning of ERISA [29 U.S.C. § 1002(11) and (12)].

6. At all times herein mentioned, Employer was and now is, a corporation duly organized and existing under and by virtue of the laws of the State of California. Employer's principal place of business is in Sacramento, California.

**STATEMENT OF FACTS**

7. Within four years last past and within all time periods relevant herein, Employer was and is signatory a collective bargaining agreement (hereinafter "CBA") with Local Union No. 355 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, and the various trust agreements establishing each of plaintiff trusts. By said written agreements, Employer

1  promised that it would pay fringe benefit contributions,
2  liquidated damages and interest to the Trust Funds, at rates set
3  forth by the agreements, for work performed by covered employees,
4  which amounts would be paid to the Trust Funds at their place of
5  business in San Francisco, California by the 20th day of each
6  successive month.
7      8.   By said agreement(s), Employer agreed to comply with
8  *inter alia*, any modifications, changes, extensions or renewals of
9  or to the Master Agreement made in any subsequent negotiations
10 after the terms of the Master Agreement.
11     9.   During times material herein, Employer submitted monthly
12 reports of contributions, in accordance with said agreements, to
13 the Trust Funds.
14     10.  Under the terms of the aforementioned agreements,
15 Employer agreed to make contributions as required by those
16 agreements and to be subject to and bound by all terms and
17 conditions of the various trust agreements and further promised
18 that in the event any monthly contributions were not paid when
19 due, Employer would pay ten percent (10%) of the amount of the
20 particular contributions due, as and for liquidated damages and
21 not as a penalty, which sum is increased to twenty percent (20%)
22 in the event the Employer does not pay the delinquent
23 contributions owing before a lawsuit is filed.  At all times
24 herein mentioned it was, and now is, impracticable and extremely
25 difficult to fix the amount of actual damages to plaintiffs as a
26 result of the nonpayment of said contributions.  The amounts
27 agreed upon herein, as hereinbefore alleged, as and for liquidated
28 damages, represented and now represent a reasonable endeavor to
   ascertain and compensate for the damages caused the plaintiffs by

the nonpayment of said contributions.  Under the terms of the trust agreements, the liquidated damages are added to the principal sum due and unpaid as of the 20th of the month following the work month and the whole thereof shall bear interest at the rate of ten percent (10%) per annum from such date until paid.

11. Employer employed workers who performed work covered by the provisions of the agreements while the agreement(s) were in full force and effect.

12. By said agreement(s), Employer agreed to permit the Trust Fund Auditors to review any and all records relevant to the enforcement of the provisions of the Master Agreement and the various trust agreements and to pay the cost of audit if a shortage was disclosed.

13. On or about July 17, 2007, an audit of the books and records of Employer for the time period from January 1, 2004 to August 31, 2006 was completed.  This audit revealed that fringe benefit contributions and liquidated damages to the Trust Funds have not been submitted in the sum of $117,245.11, liquidated damages of $11,724.51 and interest in the amount of $28,591.31 is owed to Trust Funds.  Since a lawsuit is being filed the liquidated damages of $11,724.51 (calculated at 10%) are doubled to 20% or $23,449.02 making the total due $169,285.44.  That sum is due and owing together with interest at the rate of 12% per annum from October 20, 2007 until paid.  Additionally, Employer is obligated to pay the cost of the audit in the amount of $20,944.00.

14. Employer was advised on or about July 17, 2007 and February 22, 2008 of the amounts based on the audit.  Employer has refused to pay such amounts and there is now due, owing and unpaid

1  to plaintiffs from Employer $169,285.44 plus interest at the rate
2  of 12% per month from February 20, 2008 until paid, plus the audit
3  fee of $20,944.00.
4     15.  By the aforementioned agreements, Employer promised that
5  in the event that plaintiffs consulted an attorney or filed
6  litigation in order to collect unpaid contributions or otherwise
7  enforce their rights against it, Employer would pay reasonable
8  attorneys' fees and all other reasonable expenses of collection.
9  It has been necessary for the plaintiffs to engage counsel for the
10 purpose of collecting contributions and damages, and plaintiffs
11 are entitled to reasonable attorneys' fees in connection
12 therewith.
13    16.  Plaintiffs have complied with all conditions on their
14 part to be performed under the terms of the collective bargaining
15 agreement and the trust agreements.
16    WHEREFORE, Plaintiffs pray judgment against Employer as
17 follows:
18    1.  The sum of $169,285.44, plus interest at the rate of
19 twelve percent (12%) per annum from February 20, 2008 until paid
20 as provided under the Plan and 29 U.S.C. § 1132(g)(2);
21    2.  The audit fee of $20,944.00;
22    3.  Reasonable attorneys' fees;
23    4.  Costs of suit and such further relief as the Court deems
24 proper.

25                                      McCARTHY, JOHNSON & MILLER
                                        LAW CORPORATION
26
27 Dated: April _22, 2008         By: /s/  Lori A. Nord
                                        LORI A. NORD
28