1   McCARTHY, JOHNSON & MILLER
        LAW CORPORATION
2   LORI A. NORD, ESQ., #87993
    595 Market Street, Suite 2200
3   San Francisco, CA  94105
    Telephone:  (415) 882-2992
4   Facsimile:  (415) 882-2999

5   Attorneys for Plaintiffs

6

7

8
                     UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11
    BOARD OF TRUSTEES OF THE U.A. LOCAL  )  No. CV 08-2122 SC
12  NO. 355 HEALTH AND WELFARE TRUST     )
    FUND; BOARD OF TRUSTEES OF THE U.A.  )  **FIRST AMENDED COMPLAINT FOR**
13  LOCAL NOS. 343 AND 355 DEFINED       )  **MONEY BASED ON AUDIT**
    CONTRIBUTION PLAN; BOARD OF TRUSTEES )
14  OF THE NORTHERN CALIFORNIA/NORTHERN  )
    NEVADA UTILITY JOURNEYMAN AND        )
15  APPRENTICE TRAINING TRUST FUND;      )
    BOARD OF TRUSTEES OF THE U.A. LOCAL  )
16  NO. 355 LABOR-MANAGEMENT COOPERATION )
    COMMITTEE TRUST FUND; AND U.A. LOCAL )
17  NO. 355,                             )
                                         )
18                   Plaintiffs,         )
                                         )
19       v.                              )
                                         )
20  IMAGE LANDSCAPE, INC., a California  )
    corporation,                         )
21                                       )
                     Defendant.          )
22  _____ )

23

24                   **NATURE OF THE ACTION**

25       1.   This action arises under the Employee Retirement Income

26  Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1001, et

27  seq.], and more particularly under Sections 1132 and 1145.  This

28  action also arises under Section 301 of the Labor Management

1  Relations Act ("LMRA") [29 U.S.C. § 185].  Plaintiffs allege that

2  defendant has unlawfully failed and refused to make required

3  payments to joint labor-management trust funds and employee

4  benefit plans in violation of a collective bargaining agreement

5  and certain trust agreements.

6                    **JURISDICTION AND VENUE**

7     2.    Jurisdiction of this Court is invoked pursuant to

8  29 U.S.C. § 1132(e)(1) and 28 U.S.C. §§ 1331 and 1337.  Pursuant

9  to 29 U.S.C. § 1132(f), this Court has jurisdiction without

10 respect to the amount in controversy or the citizenship of the

11 parties.  This is an action authorized and instituted pursuant to

12 Sections 502 and 515 of ERISA [29 U.S.C. §§ 1132 and 1145] and

13 Section 301 of the LMRA [29 U.S.C. § 185].

14    3.    Venue is proper in this District pursuant to

15 Section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)] and

16 Section 301(a) of the LMRA [29 U.S.C. § 185(a)].

17                         **PARTIES**

18    4.    At all times material herein, each of the above-named

19 plaintiffs, with the exception of the Board of Trustees of the

20 U.A. Local No. 355 Labor-Management Cooperation Committee Trust

21 Fund,  (hereinafter referred to as "Trust Funds") was and is the

22 Plan Administrator of employee benefit plans within the meaning of

23 Section 3(3) of the Employee Retirement Income Security Act as

24 amended (hereinafter "ERISA"), 29 U.S.C. Section 1002(3) and was

25 and is, a fiduciary within the meaning of Section 3(2)(A)(iii) of

26 ERISA, 29 U.S.C. § 1002(21)(A)(iii), and the named fiduciary

27 within the meaning of Section 402(a)(1) of ERISA, 29 U.S.C.

28 § 1004(a)(1).  Plaintiff, Board of Trustees of the U.A. Local

1   No. 355 Labor-Management Cooperation Committee Trust Fund, is a

2   joint labor-management trust fund organized pursuant to the

3   provisions of Section 302(c)(9) of the Labor Management Relations

4   Act [29 U.S.C. § 186(c)(9)] and Section 6(b) of the Labor

5   Management Cooperation Act of 1978 [29 U.S.C. § 175a].  Each

6   plaintiff has a fiduciary duty to the employees of the defendant

7   employer to collect funds, to invest and administer said funds,

8   and to protect said funds from claims.  Plaintiffs' principal

9   place of business is in San Francisco, California.

10      5.   At all times material herein, Image Landscape, Inc.

11  (hereinafter referred to as "Employer") has been an employer

12  within the meaning of the National Labor Relations Act, as amended

13  ("NLRA") [29 U.S.C.  § 151, et seq.], and more particularly under

14  Section 152(2), and within the meaning of ERISA, 29 U.S.C.

15  § 1002(5).  At all times material herein, Employer has been

16  engaged in the construction industry in California and, as such,

17  has been engaged in commerce or in an industry affecting commerce

18  within the meaning of the NLRA [29 U.S.C. § 152(6) and (7)] and

19  within the meaning of ERISA [29 U.S.C. § 1002(11) and (12)].

20      6.   At all times herein mentioned, Employer was and now is,

21  a corporation duly organized and existing under and by virtue of

22  the laws of the State of California.  Employer's principal place

23  of business is in Sacramento, California.

24                          **STATEMENT OF FACTS**

25      7.   Within four years last past and within all time periods

26  relevant herein, Employer was and is signatory a collective

27  bargaining agreement (hereinafter "CBA") with Local Union No. 355

28  of the United Association of Journeymen and Apprentices of the

1   Plumbing and Pipe Fitting Industry of the United States and
2   Canada, AFL-CIO, and the various trust agreements establishing
3   each of plaintiff trusts.  By said written agreements, Employer
4   promised that it would pay fringe benefit contributions,
5   liquidated damages and interest to the Trust Funds, at rates set
6   forth by the agreements, for work performed by covered employees,
7   which amounts would be paid to the Trust Funds at their place of
8   business in San Francisco, California by the 20th day of each
9   successive month.

10      8.   By said agreement(s), Employer agreed to comply with
11  *inter alia*, any modifications, changes, extensions or renewals of
12  or to the Master Agreement made in any subsequent negotiations
13  after the terms of the Master Agreement.

14      9.   During times material herein, Employer submitted monthly
15  reports of contributions, in accordance with said agreements, to
16  the Trust Funds.

17      10.  Under the terms of the aforementioned agreements,
18  Employer agreed to make contributions as required by those
19  agreements and to be subject to and bound by all terms and
20  conditions of the various trust agreements and further promised
21  that in the event any monthly contributions were not paid when
22  due, Employer would pay ten percent (10%) of the amount of the
23  particular contributions due, as and for liquidated damages and
24  not as a penalty, which sum is increased to twenty percent (20%)
25  in the event the Employer does not pay the delinquent
26  contributions owing before a lawsuit is filed.  At all times
27  herein mentioned it was, and now is, impracticable and extremely
28  difficult to fix the amount of actual damages to plaintiffs as a

1   result of the nonpayment of said contributions.  The amounts

2   agreed upon herein, as hereinbefore alleged, as and for liquidated

3   damages, represented and now represent a reasonable endeavor to

4   ascertain and compensate for the damages caused the plaintiffs by

5   the nonpayment of said contributions.  Under the terms of the

6   trust agreements, the liquidated damages are added to the

7   principal sum due and unpaid as of the 20th of the month following

8   the work month and the whole thereof shall bear interest at the

9   rate of ten percent (10%) per annum from such date until paid.

10      11.  Employer employed workers who performed work covered by

11  the provisions of the agreements while the agreement(s) were in

12  full force and effect.

13      12.  By said agreement(s), Employer agreed to permit the

14  Trust Fund Auditors to review any and all records relevant to the

15  enforcement of the provisions of the Master Agreement and the

16  various trust agreements and to pay the cost of audit if a

17  shortage was disclosed.

18      13.  On or about July 17, 2007, an audit of the books and

19  records of Employer for the time period from January 1, 2004 to

20  August 31, 2006 was completed.  This audit revealed that fringe

21  benefit contributions and liquidated damages to the Trust Funds

22  have not been submitted in the sum of $117,245.11, liquidated

23  damages of $11,724.51 and interest in the amount of $28,591.31 is

24  owed to Trust Funds.  Since a lawsuit is being filed the

25  liquidated damages of $11,724.51 (calculated at 10%) are doubled

26  to 20% or $23,449.02 making the total due $169,285.44.  That sum

27  is due and owing together with interest at the rate of 12% per

28  annum from October 20, 2007 until paid.  Additionally, Employer is

1  obligated to pay the cost of the audit in the amount of

2  $20,944.00.

3      14.  Employer was advised on or about July 17, 2007 and

4  February 22, 2008 of the amounts based on the audit.  After

5  service of the Complaint, the employer showed to The Trust Funds'

6  satisfaction that some of the audit shortage was not due,

7  therefore, the audit report has been revised to show that

8  $115,059.91 in fringe benefits, $11,505.99 in liquidated damages,

9  and interest of $27,969.86 is due.  Since a lawsuit is filed to

10 collect this shortage, the liquidated damages of $11,505.99

11 (calculated at 10%) is doubled to 20% or $23,011.98, making the

12 total due $166,041.75.

13 Employer has refused to pay such amounts and there is now due,

14 owing and unpaid to plaintiffs from Employer $166,041.75 plus

15 interest at the rate of 12% per month from June 20, 2008 until

16 paid, plus the audit fee of $20,944.00.

17     15.  By the aforementioned agreements, Employer promised that

18 in the event that plaintiffs consulted an attorney or filed

19 litigation in order to collect unpaid contributions or otherwise

20 enforce their rights against it, Employer would pay reasonable

21 attorneys' fees and all other reasonable expenses of collection.

22 It has been necessary for the plaintiffs to engage counsel for the

23 purpose of collecting contributions and damages, and plaintiffs

24 are entitled to reasonable attorneys' fees in connection

25 therewith.

26     16.  Plaintiffs have complied with all conditions on their

27 part to be performed under the terms of the collective bargaining

28 agreement and the trust agreements.

1    WHEREFORE, Plaintiffs pray judgment against Employer as

2  follows:

3    1.   The sum of $166,041.85, plus interest at the rate of

4  twelve percent (12%) per annum from June 20, 2008 until paid as

5  provided under the Plan and 29 U.S.C. § 1132(g)(2);

6    2.   The audit fee of $20,944.00;

7    3.   Reasonable attorneys' fees;

8    4.   Costs of suit and such further relief as the Court deems

9  proper.

10                              McCARTHY, JOHNSON & MILLER
                                    LAW CORPORATION
11

12  Dated: July ___, 2008        By: _____
                                      LORI A. NORD
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF SERVICE BY MAIL

2

3      I am a citizen of the United States and a resident of the

4  State of California.  I am over the age of eighteen years and not

5  a party to the within matter.  My business address is 595 Market

6  Street, Suite 2200, San Francisco, California 94015.

7      I am familiar with the practice of McCarthy, Johnson & Miller

8  Law Corporation for collection and processing of correspondence

9  for mailing with the United States Postal Service.  It is the

10 practice that correspondence is deposited with the United State

11 Postal Service the same day it is submitted for mailing.

12     I served the following documents by placing a true copy of

13 each such document for collection and mailing, in the course of

14 ordinary business practice, with other correspondence of McCarthy,

15 Johnson & Miller Law Corporation, located at 595 Market Street,

16 Suite 2200, San Francisco, California 94105, on the date set forth

17 below, enclosed in a sealed envelope with postage fully prepaid,

18 addressed in the manner set forth immediately below this

19 declaration.

20     Documents served:

21

22

23     1.    FIRST AMENDED COMPLAINT FOR MONEY BASED ON AUDIT

24

25

26

27 FIRST AMENDED COMPLAINT FOR MONEY BASED ON AUDIT                    Page 8

28

1        I declare under penalty of perjury that the foregoing is true

2    and correct.

3        Dated at San Francisco, California on July ____, 2008.

4

5                       By: /s/Alice Watson

6                         Alice Watson

7    Image Landscape, Inc.
    4800 Amber Lane
8    Sacramento, CA 95841

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR MONEY BASED ON AUDIT                    Page 9

1

<u>DECLARATION OF SERVICE BY MAIL</u>

2

3     I am a citizen of the United States and a resident of the

4  State of California.  I am over the age of eighteen years and not

5  a party to the within matter.  My business address is 595 Market

   Street, Suite 2200, San Francisco, California 94015.

6

7     I am familiar with the practice of McCarthy, Johnson & Miller

8  Law Corporation for collection and processing of correspondence

9  for mailing with the United States Postal Service.  It is the

10 practice that correspondence is deposited with the United State

11 Postal Service the same day it is submitted for mailing.

12     I served the following documents by placing a true copy of

13 each such document for collection and mailing, in the course of

14 ordinary business practice, with other correspondence of McCarthy,

15 Johnson & Miller Law Corporation, located at 595 Market Street,

16 Suite 2200, San Francisco, California 94105, on the date set forth

17 below, enclosed in a sealed envelope with postage fully prepaid,

18 addressed in the manner set forth immediately below this

19 declaration.

20     Documents served:

21

22

23     1.    FIRST AMENDED COMPLAINT FOR MONEY BASED ON AUDIT

24

25

26

27
   FIRST AMENDED COMPLAINT FOR MONEY BASED ON AUDIT                    Page 8

28

1    I declare under penalty of perjury that the foregoing is true

2   and correct.

3    Dated at San Francisco, California on July 7 , 2008.

4

5    By: _Alice Watson_

6    Alice Watson

7   Image Landscape, Inc.
    4800 Amber Lane
8   Sacramento, CA 95841

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
    FIRST AMENDED COMPLAINT FOR MONEY BASED ON AUDIT                    Page 9
28