United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 355 HEALTH AND WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE U.A. LOCAL NOS. 343 AND 355 DEFINED CONTRIBUTION PLAN; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA/NORTHERN NEVADA UTILITY JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE U.A. LOCAL NO. 355 LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND; AND U.A. LOCAL NO. 355, <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>IMAGE LANDSCAPE, INC., a California corporation, <br><br>　　　　Defendant. | Case No. 08-2122 SC <br><br> DEFAULT JUDGMENT |

**I. <u>INTRODUCTION</u>**

The present matter comes before the Court on the Motion for Default Judgment ("Motion") filed by the plaintiffs Board of Trustees of the U.A. Local No. 355 Health and Welfare Trust Fund <u>et al.</u> ("Plaintiffs"). Docket No. 13. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of the Court entered default against the defendant Image Landscape, Inc. ("Image" or "Defendant"). Docket No. 12. For the following reasons, it is hereby ORDERED, ADJUDGED and DECREED that:

JUDGMENT shall be entered in favor of Plaintiffs Board of Trustees of the U.A. Local No. 355 Health and Welfare Trust Fund et al., and against Defendant Image Landscape, Inc.

**II. BACKGROUND**

In April 2008, Plaintiffs filed a suit under sections 1132 and 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The suit was brought in response to Defendant's alleged failure to make the required payments to joint labor-management trust funds and employee benefit plans, in violation of a collective bargaining agreement and certain trust agreements. Although Plaintiffs served Defendant, Defendant failed to respond or otherwise defend the action.

According to the First Amended Complaint ("FAC"), the collective bargaining agreement provided that the trust funds were permitted to audit and review all records relevant to the enforcement of the provisions of the various agreements. See FAC, Docket No. 7, ¶¶ 7-12. On July 17, 2007, an audit of Defendant's records for the period between January 1, 2004, through August 31, 2006, was completed. Id. ¶ 13. The audit ultimately concluded that benefit contributions of $115,059.91, liquidated damages of $11,7505.99, and interest in the amount of $27,969.86 had not been submitted to the trust funds in violation of the underlying agreements. In addition, pursuant to the trust agreement, because Plaintiffs have filed a lawsuit in their efforts to enforce the

2

agreed-upon contributions, the liquidated damages, normally calculated at 10% of the contributions, were doubled and calculated at 20% of the contributions. See Nord Decl., Docket No. 15, Ex. A, U.A. Local No. 355 Health and Welfare Trust Fund Trust Agreement ("Trust Agreement") § 3.06. Finally, pursuant to the Trust Agreement and the relevant statutes, the employer is responsible for the cost of the audit and reasonable attorneys' fees. See id. § 4.4.04; 29 U.S.C. § 1132(g)(2). The cost of the audit in the present action was $20,944.00. See Hallenbeck Supp. Decl., Docket No. 21, ¶ 2.

**III. DISCUSSION**

    **A. Legal Standard**

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b). "However, entry of default does not automatically entitle the non-defaulting party to entry of a default judgment regardless of the fact that the effect of entry of a default is to deem allegations admitted." In re Villegas, 132 B.R. 742, 746 (9th Cir. BAP 1991). Rather, "the decision to enter a default judgment is discretionary." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). First, the Court must "assess the adequacy of service of process on the party against whom default is requested." Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). Once the Court determines that service was sufficient, it may consider the following factors when exercising its discretion to enter a

United States District Court
For the Northern District of California

1  default judgment:

2      (1) the possibility of prejudice to the
3  plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of
4  the complaint, (4) the sum of money at stake in the action, (5) the possibility
   of a dispute concerning material facts,
5  (6) whether the default was due to excusable neglect, and (7) the strong
6  policy underlying the Federal Rules of Civil Procedure favoring decisions on the
7  merits.

8  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

9      **B.**   **Analysis**

10     "The general rule of law is that upon default the factual
11 allegations of the complaint, except those relating to the amount
12 of damages, will be taken as true." Geddes v. United Fin. Group,
13 559 F.2d 557, 560 (9th Cir. 1977). For the following reasons, the
14 Eitel factors favor default judgment.

15     1.   Service of Process

16     Service of process against Defendant was adequate. Federal
17 Rule of Civil Procedure 4(h) provides the standards for service
18 upon corporations, associations, or partnerships. Copies of the
19 summons and complaint were served not only through the mail but
20 also were hand-delivered to an agent at Defendant's principal
21 place of business, 4800 Amber Lane, Sacramento, California, 95841.
22 See Docket Nos. 5, 6.

23     2.   Prejudice

24     Accepting the allegations in the FAC as true, Plaintiffs
25 would be prejudiced absent entry of default judgment. Defendant
26 has failed and refused to make required payments into joint labor-
27 management trust funds and employee benefit plans, in violation of

28

**United States District Court**
For the Northern District of California

a collective bargaining agreement and various trust agreements. This failure, if not remedied, will prejudice Plaintiffs.

### 3. Merits of Plaintiffs' Substantive Claims and Sufficiency of Complaint

This factor also favors entry of default judgment. Plaintiffs have sufficiently pleaded claims under ERISA and the LMRA arising from Defendant's failure to make the required payments to the joint labor-management trust funds and the employee benefit plans.

### 4. Amount of Money at Stake

The sum of money at stake weighs in favor of default judgment. Plaintiffs only seek the delinquent contributions owed by Defendant to the various plans, as calculated through an audit that had been previously agreed upon by both parties.

### 5. Possibility of a Dispute Concerning Material Facts

Upon entry of default, all well-pleaded facts in the Complaint are taken as true. Geddes, 559 F.2d at 560. After review of the FAC, the possibility of a dispute concerning material facts appears small. This factor weighs in favor of default judgment.

### 6. Whether Default Was Due to Excusable Neglect

As noted above, Defendant was properly served. Although the Defendant did not make an appearance or participate in any manner in this action, the Court finds that the possibility that default resulted from the excusable neglect of Defendant is remote. This factor therefore weighs in favor of default judgment.

///

### 7. Policy for Deciding on the Merits

"Cases should be decided on the merits whenever possible." Eitel, 782 F.2d at 1472. The existence of Federal Rule of Civil Procedure 55(b), however, indicates that this preference alone is not dispositive. Where, as here, a defendant fails to respond to a complaint, a decision on the merits is impractical, if not impossible. Ultimately, the preference to decide cases on the merits does not preclude a court from granting default judgment. See, e.g., Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### 8. Attorney's Fees and Costs

In addition to the delinquent contributions, liquidated damages, and audit costs, Plaintiffs also seek reasonable attorneys' fees. The Court notes that the underlying agreements provide that all of these costs are to be borne by the Defendant in an action such as this one. See Nord Decl. Exs. A, B, C, & D. Plaintiffs seek attorneys's fees in the amount of $5,209.50. Nord Decl. ¶ 9. These fees are based on an hourly rate for Plaintiffs' counsel of $240 and $105 for the paralegal. Id. ¶ 8.

To determine a reasonable attorney fee award, courts employ the lodestar method. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Id. There is a strong presumption that the lodestar figure constitutes reasonable fees, and only in exceptional cases will adjustment of the lodestar be appropriate. Pennsylvania v. Del. Valley Citizens'

Council for Clean Air, 478 U.S. 568, 564-65 (1986).

In assessing a reasonable hourly rate, courts should consider the prevailing market rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Blum v. Stenson, 465 U.S. 886, 895 (1984); Cancio v. Fin. Credit Network, No. 04-3755, 2005 WL 1629809, at *1 (N.D. Cal. July 6, 2005). Courts within this district have used different methods and reached different results. Compare Yahoo!, Inc. v. Net Games, Inc., 329 F. Supp. 2d 1179, 1192 (N.D. Cal. 2004) (employing complex formula to determine that the average hourly rate in the San Francisco area around 2002 was $190 per hour), with Cancio, 2005 WL 1629809 at *3 (finding that precedent in the Northern District of California supported hourly rates in 2005 of $345 per hour and $435 per hour).

Determination of a reasonable hourly rate also depends on the skill, experience and reputation of the attorney as well as the complexity of the litigation. Counsel, in her declaration, notes that she was admitted to practice in 1979 and has handled cases involving fringe benefit contributions since April 1980. Nord Decl. ¶ 8. In light of the facts and the relevant caselaw from this district, the Court concludes that Plaintiffs' counsel's hourly rates are reasonable.

The second lodestar factor is the reasonable number of hours counsel spent prosecuting the case. If the requested number of hours is greater than the number of hours reasonably competent counsel would have billed, then the court should reduce the requested number of hours accordingly. Hensley v. Eckerhart, 461

U.S. 424, 434 (1983).  In the present case, counsel spent approximately 21 hours prosecuting the case.  Nord Decl. ¶ 9.  The Court finds that such an amount is reasonable in prosecuting a default judgment case.

For these reasons, the Court AWARDS attorneys' fees of $5,209.50 and filing and delivery costs of $477.80.

**IV.  CONCLUSION**

For the foregoing reasons, it is ORDERED, ADJUDGED, and DECREED that:

JUDGMENT shall be entered in favor of Plaintiffs Board of Trustees of the U.A. Local No. 355 Health and Welfare Trust Fund et al., and against Defendant Image Landscape, Inc.  Plaintiffs are AWARDED the following:

1.  $115,059.91 in unpaid benefits plus, pursuant to 29 U.S.C. § 1132(g), interest of 12% on the unpaid benefits beginning from the date of this Order until paid;
2.  $27,969.86 in interest that has so far accumulated;
3.  $23,011.98 in liquidated damages;
4.  $5,209.50 in attorneys' fees; and
5.  $477.80 in costs.

IT IS SO ORDERED, ADJUDGED, and DECREED.

Dated: October 21, 2008

_____
UNITED STATES DISTRICT JUDGE

8